# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ERIN BEGLEY, et al., | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 19-0056-WS-B |
| | ) |
| MATTHEW GOLDEN, et al., | ) |
| | ) |
|    Defendants. | ) |

## ORDER

The two plaintiffs and the three remaining defendants in this FLSA action have filed a notice of settlement, (Doc. 13), and a joint motion for stipulated judgment. (Doc. 14). The notice seeks entry of a "stipulation of dismissal" of the plaintiff's FLSA retaliation claims, while the motion seeks entry of a stipulated judgment regarding the plaintiffs' FLSA wage claims.

The Court required supplementation of the parties' filings in the following particulars: (1) submission of a proposed stipulated judgment; (2) submission of the settlement agreement; (3) a demonstration that the settlement of the wage claims is fair and reasonable; and (4) a demonstration that the Court should retain jurisdiction over this action pending consummation of the settlement. (Doc. 15).

The parties have submitted their settlement agreement. (Doc. 18).[1] They have also submitted a more detailed explanation of the plaintiffs' wage claims and of the reasoning supporting the settlement of those claims. (Doc. 16). Upon review of the complaint, the pending motions and other relevant documents, the Court is satisfied that the settlement of the plaintiff's wage claims is fair and reasonable under the governing standards. The Court further finds that the three

---

[1] The parties' motion for leave to file the settlement agreement under seal, (Doc. 17), is **granted** for reasons stated in the motion.

concerns articulated in *Crabtree v. Volkert, Inc.*, 2013 WL 593500 (S.D. Ala. 2013), are absent here.

With respect to the Court's retention of jurisdiction, the settlement agreement provides that payment of the settlement amounts will occur in two stages: the first within ten business days of the Court's order of dismissal/stipulated judgment and the second within 60 calendar days of the Court's order of dismissal/stipulated judgment. (Doc. 18 at 3).[2] This timing does not explain why the Court should retain jurisdiction for a full 100 days. (Doc. 13 at 1-2).

The parties have not submitted a proposed stipulated judgment. They have instead submitted a proposed "order of dismissal." (Doc. 16-1). The judgment shall therefore be of the Court's crafting.

For the reasons set forth above, the parties' joint motion for stipulated judgment is **granted**. Dismissal of this action and judgment as to the wage claims shall be entered by separate orders.

DONE and ORDERED this 18th day of June, 2019.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[2] The second payment is not due, as the parties state, "approximately 70 days" after entry of the Court's order/judgment. (Doc. 16 at 4).